UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
TRAMAINE E. MARTIN, : CASE NO. 1:13-CV-02739
:
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 1]
FRANK BOVA, :
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Tramaine E. Martin filed this action under 42 U.S.C. § 1983 against Cuyahoga County Sheriff Frank Bova. In the Complaint, Martin alleges that during his incarceration in the Cuyahoga County Jail, he signed up for "sick call" but was not seen by a physician. He further alleges was billed a co-pay fee for refills of medication he did not need. He claims Bova was deliberate indifferent to his serious medical needs in violation of the Eighth Amendment, and seeks monetary damages.

Martin also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2) and a Motion to Supplement his Complaint (Doc. No. 3). The Application and the Motion are granted.

**I. Background**

Martin reported to the Cuyahoga County Jail on November 13, 2013 to serve a sentence imposed by the Cleveland Heights Municipal Court. Because he is a diabetic, Martin brought

his prescription medications. Inmates are not permitted to bring their own medications into the facility, so a nurse verified the validity of the prescriptions, and refilled them. Martin was charged a $3.00 co-pay fee for each of four medications.

Martin objects to the co-pay charges. He first asked the jail to send the bill for co-pay fees to the City of Cleveland Heights. When that request was refused, he filed grievances to contest the fees claiming the medications were useless to him. He stated he could not take the form of Metformin used by the jail because he had an allergic reaction to it in the past. He indicated he did not believe he needed to take the Lisinopril and baby aspirin because they are just "protocol meds used as supplements to insulin, Metformin, or Actos" which he claims he does not use. (Doc. No. 1-5 at 1). He acknowledged that he needed to take the Glyburide, as it supports his diet-controlled treatment regime, but he indicated he did not need to have that prescription refilled as he brought sufficient medication with him to the jail. He asked to be reimbursed for the co-pay fees.

Martin also contends he was not given an appointment with a physician during his incarceration at the jail. He indicates that in addition to diabetes, he suffers from acid reflux, neuropathy, and sciatica. Martin also diagnosed himself with Celiac's disease after reading an article in the newspaper. He states he was placed on the "sick call" list several times but did not receive an appointment with a physician. He does not indicate whether he was seen and evaluated by a nurse.

Martin asserts that Bova, as the Cuyahoga County Sheriff, violated his Eighth Amendment rights. The County Sheriff is ultimately responsible for administering the jail. Martin alleges he sent a letter to Sheriff Bova on November 25, 2013 listing his objections to the

co-pay charges and stating he needed to be evaluated by "someone qualified to address my serious medical needs." (Doc. No. 1-2 at 2). He does not provide Bova's response to the letter. Martin asserts that Bova "recklessly neglect[ed] his statutory and constitutional duties, in a malevolent manner" which violated his Eighth Amendment rights. (Doc. No. 1 at 5). He seeks $1,300,000.00 in damages.

## II. Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.

The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind.

*Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Martin asserts two claims for violation of the Eighth Amendment. First, he claims Bova was deliberately indifferent to his serious medical needs when he allowed him to be charged a co-pay fee for refills of his medications. Second, he contends Bova was deliberately indifferent to his serious medical needs by not ensuring that his employees at the jail scheduled an appointment for him with a physician.

While Martin's medical condition as a diabetic is objectively serious to satisfy the first element of an Eighth Amendment claim, he has not alleged facts to suggest Bova acted with a sufficiently culpable state of mind to satisfy the subjective element. The subjective component requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety. *Wilson*, 501 U.S. at 302-03. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. An inmate must show that prison officials had "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000) (citing *Farmer*, 511 U.S. at 834). This standard is met if "the official knows of and disregards an excessive risk to the inmate's health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. (quoting *Farmer*, 511 U.S. at 837).

With respect to his first claim, Martin asserts that Bova was deliberately indifferent to

his serious medical needs by charging him a co-pay fee for medications he no longer wanted to take. Martin does not allege he was denied medical care. He merely claims he was assessed a co-pay fee. Charging inmates who can pay for medical care does not constitute deliberate indifference and cannot be the basis of an Eighth Amendment claim. *White v. Correctional Medical Services Inc.*, No. 03-2097, 2004 WL 614577, at *2 (6th Cir. Mar. 24, 2004); *Washington v. Sommerville*, No. 98-5515, 1999 WL 253652, at *2 (6th Cir. Apr. 23, 1999).

Martin's claim that he was denied a physician's appointment could, in some cases, constitute deliberate indifference; however, he does not provide sufficient facts to suggest that he had an actual need for an appointment with the physician or that Bova was personally aware of this need and refused him medical care. Martin states he signed up several times for sick call but was never scheduled to see a doctor. He does not indicate whether he was evaluated at nurses sick call. Prisoners are not entitled to unfettered access to the medical treatment of their choice. *See Hudson*, 503 U.S. at 9. The Eighth Amendment isn't violated just because Martin did not receive an appointment with a physician when he requested it. Aside from his disagreement with the need for some of the medications for which he was charged, he does not allege facts to suggest he had an immediate and serious risk to his health which required him to have an appointment with a physician.

Even if Martin had experienced an immediate threat to his health which required an appointment with a physician, he failed to allege facts to suggest Bova was personally involved in the decision to deny him the appointment. A plaintiff in a civil rights action cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*,

423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). This is particularly true in an Eighth Amendment claim where deliberate indifference of the defendant is an element of the cause of action.

Bova appears to have been named as the defendant because, as the Cuyahoga County Sheriff, he is ultimately responsible for operation of the county jail. Bova, however, cannot be held liable for damages simply because he employs the jail personnel who are responsible for making medical decisions for inmates. *Respondeat superior* is not a proper basis for liability under § 1983. *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisors cannot be held liable for the actions of their employees merely because they had the right to control those employees. *Leary*, 349 F.3d at 903; *Bellamy*, 729 F.2d at 421. Furthermore, a supervisor's failure to monitor the offending individual is not actionable unless the supervisor either encouraged the specific misconduct or in some other way directly participated in it. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir.1982)). At a minimum, the plaintiff must show that the supervisor at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers. *Id*. (quoting Hays, 668 F.2d at 874).

To demonstrate Bova's involvement in the actions giving rise to the Complaint, Martin attaches a letter he sent to Bova twelve days after he arrived at the jail. That letter complains that he was charged a co-pay for medications he does not want, and complains he signed up for sick call but had not yet received an appointment with a physician. There is no indication that Bova saw the letter or responded to it. This attachment is not sufficient to suggest that Bova

was personally involved in making medical decisions for Martin, and fails to demonstrate he acted with deliberate indifference to Martin's serious medical needs.

### IV. Conclusion

Accordingly, Martin's Application to Proceed *In Forma Pauperis* (Doc. No. 2) and his Motion to Supplement his Complaint (Doc. No. 3) are granted and this action is dismissed under 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


Dated: May 22, 2014                    *s/            James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-8-